IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIMOTHY WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09cv05-WKW |
| ) | (WO) |
| MS. MITCHELL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 5, 2009, the *pro se* plaintiff filed a complaint and motion for leave to proceed *in forma pauperis*. (Docs. # 1 & 2). On March 4, 2009, the court denied the plaintiff's motion to proceed *in forma pauperis* and directed him to pay the full filing fee on or before March 18, 2009. (Doc. # 5). The plaintiff did not pay the $350.00 filing fee. Accordingly, on April 1, 2009, the court entered an order directing the plaintiff to, on or before April 16, 2009, show cause why this case should not be dismissed for his failure to pay the filing fee in compliance with the order entered on March 4, 2009. (Doc. # 6.) The plaintiff was specifically advised that his failure to file a response to the order or to pay the filing fee would result in a Recommendation that this case be dismissed. The plaintiff has filed nothing in response to the orders of the court, nor has he paid the full filing fee. Consequently, based on the plaintiff's failure to respond, the court concludes that the plaintiff has abandoned his claims.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's complaint be dismissed. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **May 6, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of April, 2009.

       /s/Charles S. Coody
      CHARLES S. COODY
      UNITED STATES MAGISTRATE JUDGE